UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JATEEN BHATT,<br><br>   Petitioner,<br><br>  v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES,<br><br>   Respondent. | Case No. CV 13-00881 SJO (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Jateen Bhatt ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed at a November 19, 2009 conviction in the California Superior Court for Los Angeles County. Petitioner was convicted of grand theft by embezzlement and forgery, received a sentence enhancement based on the dollar amount lost, and was sentenced to four years in state prison (case no. BA350834).

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see also Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///
///

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on November 19, 2009, and sentenced on December 17, 2009. On July 19, 2010, the California Court of Appeal affirmed the judgment (case no. B221302). The California Supreme Court then denied review of the court of appeal's decision on October 13, 2010 (case no. S185858). Petitioner did not file a petition for certiorari with the United States Supreme Court. (Pet. at 2-4; state court records.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on January 11, 2011, the ninetieth day after the state high court denied his petition for review and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, on January 12, 2011, and ended a year later on January 12, 2012. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until January 31, 2013 -- 385 days after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an

---

[1] The Court takes judicial notice of records in the state appellate courts that relate to this action, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). Absent evidence to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to the prison mail system on January 31, 2013, the
(continued...)

alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**C.     Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002).

The Petition and relevant state court records establish Petitioner filed three state habeas petitions, one in the superior court (case no. BA350834), one in the court of appeal (case nos. B235108), and one in the California Supreme Court (case no. S206000). Petitioner states that he filed his first petition in the superior court on April 4, 2011.[3/] (Pet. at 4.) That petition was denied on May 5, 2011. (Pet. at 4; attach. A.) He filed his next petition in the state court of appeal on August 12, 2011, and that petition was denied on January 10, 2012. (Pet. at 5; attach. B; state court records.) Given tolling for the period from April 4, 2011, until January 10, 2012 (281 days), AEDPA's limitations deadline was extended from January 12 to October 19, 2012.

---

[2/] (...continued) postmark date reflected on the envelope containing the Petition.

[3/] The mailbox rule also applies to *pro se* state habeas petitions. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). However, based on the Court's statutory tolling analysis below, the Petition is untimely by 68 days. In light of the fact the mailbox rule normally affords prisoners no more than two or three extra days of tolling, it does not appear an earlier constructive filing date would affect the result. But, should Petitioner disagree, his response to this Order must include properly authenticated exhibits indicating the date he delivered his superior court habeas petition to prison authorities for mailing.

   Petitioner's third state habeas petition was not filed in the California Supreme Court until October 15, 2012, 279 days after his second petition was denied. (State court records.) As a result, although "intervals between a lower court decision and a filing of a new petition in a higher court," <u>when reasonable</u>, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period, *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006), in this case the 279-day interval was "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and [Petitioner has] offered no justification for the delay[] as required under California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that intervals of 115 and 101 days were unreasonable and did not qualify for statutory tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (holding that a 146-day interval was unreasonable). As a result, Petitioner is not entitled to statutory tolling for the interval between the denial of his second state habeas petition in the court of appeal and the filing of his third state habeas petition in the California Supreme Court.

   Petitioner's third petition was denied on November 20, 2012. (Pet. at 6; attach. C; state court records.) Petitioner is entitled to an additional 36 days of statutory tolling for the time that petition was pending. *See* CAL. CT. R. 8.532(b)(2)(C); *Corjasso v. Ayers*, 278 F.3d 874, 880 n.1 (9th Cir. 2002) (orders of the California Supreme Court denying habeas petitions are final upon filing). The limitations deadline was again extended from October 19, 2012, to November 24, 2012. The pending Petition, constructively filed on January 31, 2013, is still untimely by 68 days.

   Petitioner purports to have filed at least one additional petition for review in the California Supreme Court (Pet. at 6, 15), but he provides no case number, has not attached a copy of a relevant petition or denial order, and his state court records do not indicate any such petition being filed. Consequently, absent evidence to the contrary, the Court finds Petitioner did not file any additional petitions for review.

///

The foregoing establishes that despite receiving the 317 days of statutory tolling to which he is entitled, Petitioner's pending Petition is still untimely.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

#### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

///
///

E. **Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

The Petition does not set forth any facts for equitable tolling.

## ORDER

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **March 19, 2013**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In

responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: February 20, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE