FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 2 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JATEEN BHATT,<br><br>          Petitioner,<br><br>      v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES,<br><br>          Respondent. | Case No.  CV 13-00881 SJO (AN)<br><br>**ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Jateen Bhatt ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

## I. BACKGROUND

The Petition is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed at a November 19, 2009 conviction in the California Superior Court for Los Angeles County. Petitioner was convicted of grand theft by embezzlement and forgery, received a sentence enhancement based on the dollar amount lost, and was sentenced to four years in state prison (case no. BA350834).

///

1   Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge
2   found it plainly appeared from the face of the Petition and relevant state court records
3   that this action was barred by the one-year statute of limitations of the Anti-Terrorism
4   and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1)(A).
5   Accordingly, on February 20, 2013, the Magistrate Judge issued an order to show
6   cause that notified Petitioner the action appeared to be time-barred absent some basis
7   for tolling or an alternative start to AEDPA's one-year limitations period under 28
8   U.S.C. § 2244(d)(1)(B)-(D). (2/20/13 Order to Show Cause re Dismissal of Petition for
9   Writ of Habeas Corpus by a Person in State Custody as Time-barred ("OSC") [3].) The
10  OSC explained the various bases for tolling and directed Petitioner to show cause why
11  the action should not be dismissed as time-barred by filing a written response no later
12  than March 19, 2013. (OSC at 4-8.) Petitioner has filed his Response to the OSC
13  ("Response") [9], and the matter now stands submitted.[1]

**II. DISCUSSION**

15  **A.    Standard of Review**

16  Rule 4 of the Rules Governing Section 2254 Cases in the United States District
17  Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly
18  examine" a habeas petition and "[i]f it plainly appears from the petition and any
19  attached exhibits that the petitioner is not entitled to relief in the district court, the
20  judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule
21  72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a

---

23   [1]    On March 7, 2013, Petitioner filed a belated notice of change of address
24  with the Court. As a result, the OSC was initially served at his previous address and
     returned to the Court undelivered. The Court then re-served the OSC on Petitioner at
25  his new address of record, and issued an Amended OSC giving Petitioner additional
26  time to file his Response. (3/13/13 Order (AN) [8].) Because both the original OSC and
     Amended OSC were substantively identical, and because Petitioner's Response was
27  filed before the original deadline, the Court finds the Amended OSC is now
28  superfluous and the matter is submitted for decision.

1   petition for writ of habeas corpus, and if it plainly appears from the face of the petition
2   and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate
3   Judge may prepare a proposed order for summary dismissal and submit it and a
4   proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely
5   habeas petition may be dismissed *sua sponte* if the petitioner receives adequate notice
6   and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct.
7   1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

8   **B.    Statute of Limitations**

9       The Petition is governed by AEDPA, which establishes a one-year statute of
10  limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. §
11  2244(d)(1); *see also Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997).
12  In most cases, the limitations period is triggered by "the date on which the judgment
13  became final by conclusion of direct review or the expiration of the time for seeking
14  such review." 28 U.S.C. § 2244(d)(1)(A).

15      The face of the Petition and relevant state court records[2] establish the following
16  facts. Petitioner was convicted of the above offenses on November 19, 2009, and
17  sentenced on December 17, 2009. On July 19, 2010, the California Court of Appeal
18  affirmed the judgment (case no. B221302). The California Supreme Court then denied
19  review of the court of appeal's decision on October 13, 2010 (case no. S185858).
20  Petitioner did not file a petition for certiorari with the United States Supreme Court.
21  (Pet. at 2-4; state court records.)

22  ///

23

24

25  _____

       [2]    The Court takes judicial notice of records in the state appellate courts that
26  relate to this action, which are available on the Internet at
       http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297
27  F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state
       court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676
28  F.3d 1172 (9th Cir. 2012).

1   Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment
2   became final on January 11, 2011, the ninetieth day after the state high court denied
3   his petition for review and the last day for him to file a petition for certiorari with the
4   Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of
5   limitations then started to run the next day, on January 12, 2011, and ended a year later
6   on January 12, 2012. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251
7   F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day
8   after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not
9   constructively file his pending Petition until January 31, 2013 -- 385 days after the
10  expiration of the limitations period.[3/] Accordingly, absent some basis for tolling or an
11  alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the
12  pending Petition is time-barred.

13  **C.    Statutory Tolling**

14  AEDPA includes a statutory tolling provision that suspends the limitations
15  period for the time during which a "properly-filed" application for post-conviction or
16  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*
17  *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th
18  Cir. 2005). An application is "pending" until it has achieved final resolution through
19  the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.
20  2134 (2002).

21  The Petition and relevant state court records establish Petitioner filed three state
22  habeas petitions, one in the superior court (case no. BA350834), one in the court of

23  _____

24  [3/]    Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition
25  is deemed to be filed on the date the prisoner delivers the petition to prison authorities
    for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379
26  (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule
27  3(d). The Court finds Petitioner constructively filed the Petition by delivering it to the
    prison mail system on January 31, 2013, the postmark date reflected on the envelope
28  containing the Petition. Petitioner's Response does not offer evidence to the contrary.

Page 4

1    appeal (case nos. B235108), and one in the California Supreme Court (case no.
2    S206000). Petitioner states that he filed his first petition in the superior court on April
3    4, 2011.[4/] (Pet. at 4; Resp. at 1.) That petition was denied on May 5, 2011. (Pet. at 4;
4    attach. A.) He filed his next petition in the state court of appeal on August 12, 2011,
5    and that petition was denied on January 10, 2012. (Pet. at 5; attach. B; state court
6    records.) Given tolling for the period from April 4, 2011, until January 10, 2012 (281
7    days), AEDPA's limitations deadline was extended from January 12 to October 19,
8    2012.

9         Petitioner's third state habeas petition was not filed in the California Supreme
10   Court until October 15, 2012, 279 days after his second petition was denied. (State
11   court records.) As a result, although "intervals between a lower court decision and a
12   filing of a new petition in a higher court," when reasonable, fall "within the scope of
13   the statutory word 'pending,'" thus tolling the limitations period, *Saffold*, 536 U.S. at
14   221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006), in this case the
15   279-day interval was "substantially longer than the '30 to 60 days' that 'most States'
16   allow for filing petitions, . . . ." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir.
17   2010) (holding that intervals of 115 and 101 days were unreasonable and did not
18   qualify for statutory tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964,
19   970 (9th Cir. 2010) (holding that a 146-day interval was unreasonable).

20        In his Response to the OSC, Petitioner attempts to explain this 279-day gap. He
21   argues he should receive statutory tolling for the entire 279 days because he spent that
22   period attempting to file a petition for review of the court of appeal's habeas denial in

23

24        [4/]    The mailbox rule also applies to *pro se* state habeas petitions. *See Stillman
25   v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). In the OSC, the Court invited
     Petitioner to establish an earlier constructive filing date by including with his Response
26   any properly authenticated exhibits indicating the date he delivered his superior court
     habeas petition to prison authorities for mailing. (OSC at 4 n.3.) Petitioner did not do
27   so, and he agrees with the Court's analysis that, for statutory tolling purposes, his
28   superior court petition was filed on April 4, 2011. (Resp. at 1-2.)

1 the California Supreme Court. (Resp. at 1.) He contends he was delayed in doing so
2 because he mailed his petition for review to the wrong address, specifically to the
3 California Supreme Court's Los Angeles address where it no longer accepts filings,
4 and by the time he discovered the error and attempted to correct it, the petition for
5 review was untimely and most of the 279-day interval had lapsed. (Resp. at 1-4.)

6      Petitioner's explanation for the gap between his second and third state habeas
7 petitions is inadequate to entitle him to statutory tolling for that period. As discussed
8 below, that considerable delay was caused by Petitioner's own inexcusable negligence,
9 coupled with a series of unexplained delays. *See Velasquez v. Kirkland*, 639 F.3d 964,
10 968 (9th Cir. 2011) (statutory tolling is unavailable for unreasonable gaps between
11 state habeas petitions in the absence of an adequate justification).

12      First, all of Petitioner's actions during the 279-day interval were inexcusably
13 futile because, due to his own miscalculation, his petition for review was untimely
14 from the outset.[5] His state court records indicate the court of appeal *summarily* denied
15 his second habeas petition (case no. B235108) on January 10, 2012, without issuing
16 an order to show cause, and "a Court of Appeal decision denying a petition for writ of
17 habeas corpus without issuance of an order to show cause is final in the Court of
18 Appeal *upon filing*." CAL. CT. R. 8.387(b)(2)(A) (emphasis added). Petitioner then had

19

20     [5] Petitioner attaches to his Response an unauthenticated copy of the petition
21 for review he allegedly mailed to the California Supreme Court's Los Angeles address
22 (Resp. Ex. A), but he has failed to include any proof that he ever actually mailed it.
  Curiously, he attaches a mailing label addressed to the California Attorney General, but
23 no label addressed to the California Supreme Court. (Resp. Ex. B.) Moreover,
24 Petitioner's argument conspicuously fails to address the high likelihood that the
  California Supreme Court simply returned his petition unfiled. However, because
25 Petitioner is not required to carry the burden of persuasion at this stage, *see Laws v.*
26 *Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), the Court assumes without finding the
  truth of Petitioner's assertion that he mailed a petition for review to the California
27 Supreme Court's Los Angeles location for filing on February 13, 2012, and that it was
28 not returned to him.

1   "10 days after the Court of Appeal decision [was] final in that court" to file his petition
2   for review of that decision. CAL. CT. R. 8.500(e)(1). By his own admission, Petitioner
3   mailed his petition for review on February 13, 2012, which was 24 days after the
4   deadline expired on January 20, 2012 (Resp. at 2). Consequently, Petitioner's entire
5   explanation for the 279-day delay between state habeas petitions hinges on a petition
6   for review that - due to his own miscalculation of the filing deadline - was never timely
7   to begin with. *See Waldrip*, 548 F.3d at 736-37 (erroneous understanding of a filing
8   deadline did "not justify the [258-day] delay").

9          Second, and most significant, Petitioner's principal explanation is somewhat
10   baffling; he essentially blames the 279-day gap on the California Supreme Court for
11   not accepting filings in Los Angeles. Petitioner does not claim he was somehow falsely
12   misled by anyone to mail his petition for review to Los Angeles, or that he even
13   attempted to *find out* where to mail his petition for review before doing so. Instead, it
14   appears he simply assumed the state high court still accepted filings in Los Angeles,
15   mailed his petition based entirely on that assumption, and now contends he was
16   completely justified in his negligence because, in his opinion, "[t]he fact that the
17   California Supreme Court holds oral arguments at the Los Angeles address but does
18   not accept any filings at that address is extraordinary." (Resp. at 3-5.) The Court finds
19   Petitioner's explanation is based *solely* on his own negligence, and grossly insufficient
20   to toll the relevant period. *See Velasquez*, 639 F.3d at 968 (rejecting a "relatively weak
21   explanation" for the gap between state habeas petitions).

22          Additionally, Petitioner's contention that he "had no access to [the California
23   Supreme Court's filing address] at his detention facility in the custody of Immigrations
24   and Customs Enforcement in Eloy, Arizona" (Resp. at 4) is unavailing and lacks
25   credibility. By Petitioner's own admission, as soon as he actually made an effort to
26   determine where to file a petition for review, he was permitted to phone the California
27   Supreme Court directly with the assistance of a detention counselor and obtain the
28   correct address. (Resp. at 3.) He has also attached to his Response a printout from the

1   California Supreme Court's website, another resource to which he obviously had
2   access. (Resp., Ex. D.) Petitioner has <u>himself</u> established he had multiple means of
3   obtaining the correct address to mail his petition for review, and that the sole cause of
4   the delay at issue was his own failure to locate that address until long after he mailed
5   the petition based on a hunch. That explanation is insufficient. *See Waldrip*, 548 F.3d
6   at 736-37; *see also Velasquez*, 639 F.3d at 968.

7          Third, Petitioner completely fails to account for significant delays that occurred
8   within the 279-day gap. For example, he claims he mailed the intervening petition for
9   review on February 13, 2012, and because he "had no cause to be alarmed," he then
10  "waited over 90[]days to hear back from the California Supreme Court." (Resp. at 3.)
11  In fact, Petitioner specifically waited 114 days before taking any action. On June 6,
12  2012, he mailed a request for ruling, again to the same Los Angeles address. (Resp. at
13  3.) Despite Petitioner's apparent comfort with doing nothing for 114 days, the Court
14  finds it was unreasonable to wait that long for a decision without taking any action to
15  ensure the California Supreme Court at least received and filed his petition for review.
16  That unexplained, unreasonable delay further undermines his overall explanation for
17  the 279-day gap between state habeas petitions. *See Chaffer*, 592 F.3d at 1048 (holding
18  that unexplained intervals of 115 and 101 days were unreasonable and did not qualify
19  for statutory tolling).

20         Additionally, Petitioner then waited until July 20, 2012, well over a month later,
21  to investigate why he never received a response to his request for ruling. It was on that
22  date that he called the California Supreme Court's Los Angeles location and learned
23  the court did not accept filings there. But, again inexplicably, Petitioner did not ask for
24  the correct mailing address in San Francisco during that phone call. It apparently took
25  a second phone call to the California Supreme Court's San Francisco location *seven*
26  *days later*, on July 27, 2012, to obtain the correct address. Petitioner then waited until
27  August 20, 2012, 24 additional days, to mail his petition for review to San Francisco.
28  (Resp. at 3-4.) Then, after the state high court finally received and rejected the petition

Page 8

1   for review for lack of jurisdiction on August 27, 2012 (because it was untimely), the

2   court attached to its rejection letter a habeas form for Petitioner's convenience. (Resp.,

3   Ex. F.) Yet, Petitioner, *again* without explanation, waited another 49 days to file that

4   habeas petition, until October 15, 2012 (Resp. at 4). *See Velasquez*, 639 F.3d at 968

5   ("It is not reasonable that Velasquez's counsel would need excess time essentially to

6   re-file an already-written brief."). It is clear that, aside from Petitioner's inadequate

7   explanation for the 279-day gap, a significant portion of that unreasonably long delay

8   remains unexplained entirely. *See Chaffer*, 592 F.3d at 1048 ("[W]e fail to see how

9   '*unexplained* delay[s] of this magnitude could fall within the scope of the federal

10  statutory word "pending."'") (*quoting Evans*, 546 U.S. at 201 (emphasis added by

11  *Chaffer*).

12      As a result of the foregoing, Petitioner is not entitled to statutory tolling for the

13  interval between the denial of his second state habeas petition in the court of appeal

14  and the filing of his third state habeas petition in the California Supreme Court.

15      Petitioner's third petition was denied on November 20, 2012. (Pet. at 6; attach.

16  C; state court records.) Petitioner is entitled to an additional 36 days of statutory tolling

17  for the time that petition was pending. *See* CAL. CT. R. 8.532(b)(2)(C); *Corjasso v.*

18  *Ayers*, 278 F.3d 874, 880 n.1 (9th Cir. 2002) (orders of the California Supreme Court

19  denying habeas petitions are final upon filing). The limitations deadline was again

20  extended from October 19, 2012, to November 24, 2012. The pending Petition,

21  constructively filed on January 31, 2013, is still untimely by 68 days.

22      The foregoing establishes that despite receiving the 317 days of statutory tolling

23  to which he is entitled, Petitioner's pending Petition is still untimely, and his Response

24  does not alter that conclusion.

25  **D.   Alternative Start of the Statute of Limitations**

26      **1.   State-Created Impediment**

27      In rare instances, AEDPA's one-year limitations period can run from "the date

28  on which the impediment to filing an application created by State action in violation

Page 9

1 │ of the Constitution or laws of the United States is removed, if the applicant was
2 │ prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that
3 │ the statute of limitations was delayed by a state-created impediment requires
4 │ establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).
5 │ Neither the Petition nor the Response set forth any facts for an alternate start date of
6 │ the limitations period under this provision.

7 │           **2.      Newly Recognized Constitutional Right**

8 │           AEDPA provides that, if a claim is based upon a constitutional right that is
9 │ newly recognized and applied retroactively to habeas cases by the United States
10 │ Supreme Court, the one-year limitations period begins to run on the date which the new
11 │ right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).
12 │ Neither the Petition nor the Response set forth any facts for an alternate start date of
13 │ the limitations period under this provision.

14 │           **3.      Discovery of Factual Predicate**

15 │           AEDPA also provides that, in certain cases, its one-year limitations period shall
16 │ run from "the date on which the factual predicate of the claim or claims presented
17 │ could have been discovered through the exercise of due diligence." 28 U.S.C. §
18 │ 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). Neither the
19 │ Petition nor the Response set forth any facts for an alternate start date of the limitations
20 │ period under this provision.

21 │ **E.      Equitable Tolling**

22 │           AEDPA's limitations period "is subject to equitable tolling in appropriate
23 │ cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a
24 │ litigant seeking equitable tolling bears the burden of establishing two elements: (1) that
25 │ he has been pursuing his rights diligently, and (2) that some extraordinary
26 │ circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct.
27 │ 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).
28 │ ///

1    However, "[e]quitable tolling is justified in few cases" and "the threshold

2 necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

3 swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting

4 Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we

5 do not require [the petitioner] to carry a burden of persuasion at this stage in order to

6 merit further investigation into the merits of his argument for [equitable] tolling," *Laws

7 v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply

8 developed, and where it indicates that the [alleged extraordinary circumstance did not]

9 cause the untimely filing of his habeas petition, a district court is not obligated to hold

10 evidentiary hearings to further develop the factual record, notwithstanding a

11 petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010);

12 *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the

13 record is sufficient to permit the district court - and us on appeal - to evaluate the

14 strength of the petitioner's [equitable tolling] claim, the district court does not

15 necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant

16 to Ninth Circuit Rule 36-3).

17    In his Response, Petitioner cites the same facts he raised in attempting to explain

18 the 279-day gap between his second and third state habeas petitions, and argues,

19 alternatively, that he should be entitled to equitable tolling. Petitioner claims he

20 satisfies the *Pace* elements because "[t]he record clearly shows that the Petitioner has

21 diligently pursued relief through direct appeal and habeas corpus petitions," and that

22 the California Supreme Court's failure to accept filings in Los Angeles, coupled with

23 Petitioner's lack of access to the correct filing address, constituted extraordinary

24 circumstances beyond his control. (Resp. at 5.)

25    For the same reasons discussed above, Petitioner falls grossly short of showing

26 his case qualifies as one of the very few warranting equitable tolling. *See Spitsyn*, 345

27 F.3d at 799. The evidence of Petitioner's egregious lack of diligence starts with his

28 failure to constructively file his pending Petition until 385 days after the expiration of

1  the original limitations period. It is then further evidenced by his attempt to file an
2  already untimely petition for review in the California Supreme Court, mailing it to an
3  invalid address, and then unreasonably delaying several of the steps along the way to
4  correct his error. All of this was topped off by his 72-day delay between the denial of
5  his final state habeas petition and his filing of the pending petition. *See Mendoza v.*
6  *Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (*Pace*'s diligence prong requires the
7  petitioner to show he engaged in reasonably diligent efforts to file his petition
8  throughout the time the limitations period was running).

9      And, there was certainly no extraordinary circumstance present in this case.
10  Petitioner's own declaration and exhibits demonstrate he had all the necessary
11  resources to obtain the California Supreme Court's correct address for filing a petition
12  for review had he made the effort, and his contention that it is extraordinary for that
13  court not to accept filings at a location where it occasionally holds oral arguments is
14  unsupported and frivolous. *See Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)
15  (*Pace*'s "extraordinary circumstances" prong requires the petitioner to show the
16  alleged extraordinary circumstances were the cause of his untimeliness and that they
17  made it "impossible" to file a petition on time); *see also Allen v. Lewis*, 255 F.3d 798,
18  800 (9th Cir. 2001) (to establish that an extraordinary circumstance made it impossible
19  to file a petition on time, "at the very least, the prisoner must show that the
20  'extraordinary circumstances' were the but-for and proximate cause of his
21  untimeliness.").

22      The Court finds Petitioner has not satisfied *Pace* and is not entitled to equitable
23  tolling. His Response does not alter that conclusion.

24  ///
25  ///
26  ///
27  ///
28  ///

Page 12

1

## ORDER

2        Based upon the foregoing, the Court finds the Petition is time-barred. Further,

3  by way of the OSC, the Court finds Petitioner has received notice and an adequate

4  opportunity to show cause why the Petition should not be dismissed as time-barred.

5  ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate

6  Judge is vacated and the Petition is dismissed with prejudice. The clerk is directed to

7  enter judgment dismissing this action with prejudice and notify Petitioner of said

8  judgment. Any and all pending motions are terminated.

9

10

11  DATED: March 26, 2013

                                   S. JAMES OTERO

12                              UNITED STATES DISTRICT JUDGE

13

14  Presented by:

15

16

        Arthur Nakazato

17  United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28